```
                         United States Bankruptcy Court
                         Eastern District of Pennsylvania
```

In re:                                                          Case No. 18-17065-amc
Joseph F. Zimmerman, Jr.                                        Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2           User: Randi              Page 1 of 1            Date Rcvd: Sep 25, 2020
                               Form ID: pdf900          Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 27, 2020.
db              +Joseph F. Zimmerman, Jr.,    31 Easter Lane,    Levittown, PA 19054-3201

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                TOTAL: 0

               ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 27, 2020                                 Signature:    /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 25, 2020 at the address(es) listed below:
              HOWARD    GERSHMAN    on behalf of Creditor    Ford Motor Credit Company LLC hg229ecf@gmail.com,
               229ecf@glpoc.comcastbiz.net
              PAUL H. YOUNG     on behalf of Debtor Joseph F. Zimmerman, Jr. support@ymalaw.com,
               ykaecf@gmail.com,paullawyers@gmail.com,pyoung@ymalaw.com;youngpr83562@notify.bestcase.com
              POLLY A. LANGDON     on behalf of Trustee SCOTT F. WATERMAN (Chapter 13) ecfmail@readingch13.com
              REBECCA ANN SOLARZ     on behalf of Creditor    PNC BANK NATIONAL ASSOCIATION bkgroup@kmllawgroup.com
              REBECCA ANN SOLARZ     on behalf of Creditor    NewRez LLC d/b/a Shellpoint Mortgage Servicing
               bkgroup@kmllawgroup.com
              SCOTT F. WATERMAN (Chapter 13)    ECFMail@ReadingCh13.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM   MILLER*R    on behalf of Trustee WILLIAM   MILLER*R ecfemail@FredReigleCh13.com,
               ECF_FRPA@Trustee13.com
                                                                                               TOTAL: 8

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Joseph F. Zimmerman Jr dba Joe Z Guitar Repair<br>　　　　　Debtor<br><br>NewRez LLC d/b/a Shellpoint Mortgage Servicing<br>　　　　　Movant<br>　vs.<br><br>Joseph F. Zimmerman Jr dba Joe Z Guitar Repair<br>　　　　　Debtor<br><br>Deborah A. Zimmerman<br>　　　　　Co-Debtor<br><br>Scott F. Waterman, Esquire　Trustee | CHAPTER 13<br><br><br>NO. 18-17065 AMC<br><br><br><br>11 U.S.C. Sections 362 and 1301 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$5,903.30** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | May 2020 to September 2020 at $1,166.21/month |
| Suspense Balance: | $1,158.75 |
| Fees & Costs Relating to Motion: | $1,231.00 |
| **Total Post-Petition Arrears** | **$5,903.30** |

2. The Debtor shall cure said arrearages in the following manner:

    a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$5,903.30.**

    b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$5,903.30** along with the pre-petition arrears;

    c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due October 1, 2020 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $1,166.21 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: September 18, 2020        By: /s/ Rebecca A. Solarz, Esquire
                                Attorney for Movant

Date: 9/22/20
                                Paul H. Young, Esquire
                                Attorney for Debtors

Date: 9/23/2020
                                Scott F. Waterman, Esquire
                                Chapter 13 Trustee

Approved by the Court this 25th day of September, 2020. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Ashely M. Chan